UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHARON ELLIS and NICKELL JONES,

           Plaintiffs,

          v.

CRYSTAL BAY IMPORTS LTD. D/B/A ACURA
OF BROOKLYN, ACURA FINANCIAL
SERVICES, A DBA OF AMERICAN HONDA
FINANCE CORPORATION, JOHN DOE 1 – 10
and JANE DOE 1 – 10,

           Defendants.

Civil Action No.:

## VERIFIED COMPLAINT
(Jury Trial Demanded)

Plaintiffs, Sharon Ellis ("Ellis") and Nickell Jones ("Jones" and together with

Ellis "Plaintiffs"), bring this action to secure redress against unlawful lending and

business practices engaged in by defendants, Crystal Bay Imports Ltd. d/b/a Acura of

Brooklyn ("Acura of Brooklyn"), Acura Financial Services, a d/b/a of American Honda

Finance Corporation ("AHFC") and individual John and Jane Does ("John and Jane

Does" and collectively with Acura of Brooklyn and AHFC, "Defendants") relating to an

automobile lease transaction and alleges as follows:

## NATURE OF THIS ACTION

1.      In this action Plaintiffs seek relief against Defendants including, among

other things, declaratory relief, statutory and actual money damages for, *inter alia*,

violations of the Consumer Leasing Act, 15 U.S.C. §§ 1667 *et seq.* ("CLA") and its

implementing regulations, 12 C.F.R. § 1013 et seq. ("Regulation M"), New York General

Business Law §§ 349 ("§349"), the New York Motor Vehicle Retail Leasing Act (New

York Personal Property, Article 9-A *et. seq.*) (the "New York Leasing Act"), breach of

contract, conversion, fraud, the Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq.*,

("FCRA") and the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.* ("ECOA")

and its implementing regulations, 12 C.F.R. § 1002 *et seq.* ("Regulation B").

## JURISDICTION AND VENUE

2.      Jurisdiction is based on 15 U.S.C. § 1667d(c), 15 U.S.C. 1691 and 28

U.S.C. §1337.

3.      This Court has authority to issue declaratory judgments by virtue of 28

U.S.C. §§ 2201 and 2202.

4.      This Court has supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. §1367.

5.      Venue in this District is proper under 28 U.S.C §1391 because a

substantial part of the events and omissions complained of took place in this District and

Defendants maintain offices, transact business, and are otherwise found in this District.

## PARTIES

6.      Ellis is a natural person currently residing in Brooklyn, New York.

7.      Ellis is a "lessee" as defined under the CLA, 15 U.S.C. § 1667(2).

8.      Jones is a natural person currently residing in Brooklyn, New York.

9.      Upon information and belief, Acura of Brooklyn is a corporation

organized and existing under the laws of the State of New York with a place of business

located at 2751 Nostrand Ave., Brooklyn, New York, 11210-5326.

10.     Acura of Brooklyn is a "lessor" as defined by 15 U.S.C. § 1667(3).

11.     Upon information and belief, AHFC is a captive auto finance company

and wholly-owned subsidiary of American Honda Motor Co., Inc. (American Honda

Motor).  AHFC is incorporated in the state of California with its principal place of business in Torrance, California.

12.     AHFC is a "lessor" as defined by 15 U.S.C. § 1667(3).

13.     John and Jane Does are individual defendants who reside and/or do business in New York State.  Upon information and belief, all are or were employed by Acura of Brooklyn.

## FACTS

14.     On or about December 7, 2017, Jones visited Acura of Brooklyn's showroom at 2751 Nostrand Avenue to negotiate the acquisition of a new automobile.

15.     After negotiating with Acura of Brooklyn, Jones agreed to lease a 2018 Acura TLX Vehicle Identification Number 19UUB2F68JA012512 (the "Vehicle").

16.     The agreed upon transaction included the trade-in of Jones' then current vehicle, a 2011 BMW 3 Series (the "Trade-In").

17.     After submitting a credit application, Jones was informed by Acura of Brooklyn's sales representative that he had insufficient credit and that a co-signer would be necessary.

18.     Ellis, who is Jones' mother, agreed to act as a co-signer to the transaction.

19.     When it came time to close the transaction, Jones and Ellis were presented with a lease agreement (the "Original Lease Agreement"), a copy of which is annexed hereto as Exhibit "A".  However, Jones and Ellis were advised by Acura of Brooklyn's sales representative that the deal was not approved with Jones as a co-applicant and so the Original Lease Agreement included only Ellis as a lessee and did not include Jones. Nevertheless, Ellis signed the Original Lease Agreement.

20.     At the time of the events herein complained, approximately $4,500.00 remained due and owing to the lender on the Trade-In, non-party Sierra Auto Finance ("Sierra").

21.     Jones was advised by Acura of Brooklyn's sales representative that due to the negative equity owed on the Trade-In, to approve the transaction an upfront, payment in the sum of $4,500.00 would be necessary to pay the remaining balance owed to Sierra.

22.     Upon closing of the deal, Jones made the demanded $4,500.00 upfront payment.

23.     Additionally, upon closing of the deal, Jones executed a limited power of attorney authorizing Acura of Brooklyn to act on Jones' behalf with regard to the Trade-In.  A copy of the limited power of attorney is annexed hereto as Exhibit "B".  Jones handed the keys to the Trade-In to Acura of Brooklyn's sales representative and left Acura of Brooklyn's showroom with the Vehicle and without the Trade-In.

24.     Approximately one month later, Jones contacted Acura of Brooklyn to advise (1) that he had not received a payment booklet for the Vehicle as expected; and (2) that Sierra had not received any payment for the Trade-In from Acura of Brooklyn. Acura of Brooklyn told Jones that they would look into the matter.

25.     Having received no further response, a short time thereafter, Jones again called Acura of Brooklyn and was informed that they were having some delays with the paperwork and he needed to pay them an additional $600 as reimbursement for a monthly finance payment made by Acura of Brooklyn to Sierra on the Trade-In.

26.     Once again, having received no further response, a short time thereafter, Jones called Acura of Brooklyn and was told that they did not have the Trade-In and that they did not know where it was.

27.     Troubled by what he had been told, Jones spoke with a representative at the finance department at Acura of Brooklyn who suggested that a then former employee might have orchestrated a fraudulent transaction.  Now, suspicious of the legitimacy of the transaction, Jones requested a copy of the lease agreement provided by Acura of Brooklyn to AHFC, the purported lease assignee, but Acura of Brooklyn refused Jones' request.

28.     Thereafter, Jones obtained directly from AHFC what was represented as a copy of the assigned lease relating to the Vehicle (the "Forged Lease Agreement").  Upon review, Plaintiffs immediately recognized that the Forged Lease Agreement was not the same document Ellis signed in December 2017.  The Forged Lease Agreement differed materially from the Original Lease Agreement including:

   a.  Ellis' forged signature,

   b.  No mention of the Trade-In,

   c.  No mention of the $4,500.00 upfront payment,

   d.  A decreased calculation of the gross capitalized cost.

29.     Thereafter, Jones was notified by Sierra that the Trade-In had been found abandoned on the street a few blocks away from Acura of Brooklyn's showroom and seized by the police.

30.     Upon information and belief, at all relevant times Defendants acted willfully and in bad faith.

31.     The unlawful actions described herein harmed Plaintiffs.

32.     As a direct consequence of Defendants' acts, practices and conduct complained of herein, Plaintiffs suffered and continue to suffer from monetary loss, distress, humiliation, anger, anxiety, emotional distress, frustration and embarrassment.

33.     Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### FIRST CAUSE OF ACTION
### VIOLATION OF CLA
(15 U.S.C. § 1601 *et. seq.*)

34.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

35.     Defendants are lessors under 15 U.S.C. § 1667(3), because they regularly engag in leasing, offering to lease, and arranging to lease under consumer leases.

36.     The Original Lease and the Forged Lease are governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

37.     The CLA and Regulation M require that disclosures in a consumer lease be made in a clear and conspicuous manner.

38.     Defendants violated 15 U.S.C. § 1667a and 12 C.F.R. § 213.4 by failing to provide accurate disclosures required by the CLA and Regulation M, prior to the consummation of Plaintiff's lease agreement with Acura of Brooklyn.

39.     Defendants failed to timely provide Plaintiffs with a copy of written disclosures of the terms of the credit agreement as required under CLA and Regulation M.

40.     The copies of The Original Lease and The Forged Lease that were finally provided to Plaintiffs are in conflict.

41.     Defendants failed to provide Plaintiffs with clear and conspicuous disclosures of the terms of the subject transaction as required under CLA and Regulation M.

42.     For all these reasons, Defendants are liable under CLA and Regulation M for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, for a declaratory judgment that Defendants violated CLA and Regulation M, and for such other or further relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION
## DECEPTIVE TRADE PRACTICES
(N.Y. Gen. Bus. Law § 349)

43.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

44.     Plaintiffs are each a person within the meaning of N.Y. Gen. Bus. Law §349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

45.     Each of the deceptive acts and practices set forth herein constitute violations of NYGBL §349 independent of whether these acts and practices constitute violations of any other law.

46.     Each of these actions were consumer oriented and involve misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

7

47.     Specifically, upon information and belief, among other things, Defendants routinely forge and falsify automobile lease, sales, purchase and finance agreements as in Plaintiffs' case.

48.     Defendants' conduct, statements and omissions were materially misleading.

49.     These deceptive acts and practices were committed in the conduct of business, trade, commerce or the furnishing of a service in this state.

50.     As a result of these violations of §349, Plaintiffs have suffered pecuniary and non-pecuniary harm.

51.     Upon information and belief, Defendants' violations were willful, knowing and committed in bad faith.

52.     For these reasons, Plaintiffs are entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys fees pursuant to §349, and declaratory judgment that Defendants' practices are deceptive as defined under §349.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK LEASING ACT
(Violations of New York Leasing Act §334(2))

53.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

54.     Plaintiffs are retail lessees as defined in NY Pers Prop L § 331, in that they, are natural persons who leased a motor vehicle from a retail lessor primarily for personal, family or household use and who executed a retail lease agreement in connection therewith.

55.     Defendants are retail lessors as defined in NY Pers Prop L § 331, in that they regularly engage in the business of leasing or selling motor vehicles who leases a motor vehicle to a retail lessee under or subject to a retail lease agreement.

56.     The Original Lease is a retail lease agreement as defined in NY Pers Prop L § 331, in that it is an agreement, entered into in the State of New York, for the lease of a motor vehicle by a retail lessee for a scheduled term exceeding four months.

57.     Pursuant to the Original Lease, because Plaintiffs were required to make a payment pending the execution of the original Lease, Defendants were required but failed to notify Plaintiffs in writing that Plaintiffs had the right, if the lease application was not approved, to have the Trade-In returned promptly and receive a prompt refund of any payments made.

58.     As a result of Defendants' failure to comply with NY Pers Prop L § 334(2), Plaintiffs have been injured and seek damages and declaratory judgment pursuant to General Business Law the New York Leasing Act.

### FOURTH CAUSE OF ACTION
(Declaratory Relief)

59.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

60.     Pursuant to NY Pers Prop L § 337, to be valid, the Forged Lease Agreement must have been signed by Plaintiffs.

61.     Plaintiffs never signed the Forged Lease Agreement.

62.     Plaintiffs require and request a declaration of their and Defendants' obligations under Forged Lease Agreement.

63.     Plaintiffs are entitled to a declaration that the Forged Lease Agreement is void and unenforceable.

## FIFTH CAUSE OF ACTION
(Violations of NY Leasing Act §337
and NY General Business Law §§ 349)

64.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

65.     Pursuant to NY Pers Prop L § 337(14)(h) "no retail lease agreement shall contain any provision applicable to a natural person who leases a vehicle primarily for personal, family or household use by which […] the lessee waives any right to a trial by jury in any action or proceeding arising out of the agreement". (NY Pers Prop L § 337(14)(h)).

66.     Pursuant to NY Pers Prop L § 346(6), "a violation of subdivision fourteen of section three hundred thirty-seven of this article is a deceptive trade practice under section three hundred forty-nine of the general business law." (NY Pers Prop L § 346(6).

67.     The Original Lease and the Forged Lease each include arbitration provisions which necessitate a waiver to any right to a trial by jury in violation of NY Pers Prop L § 337(14)(h).

68.     As a result of these violations of NY Pers Prop L § 337(14)(h), by virtue of NY Pers Prop L § 346(6), Defendants have violated NY Gen Bus. §349 and Plaintiffs have suffered pecuniary and non-pecuniary harm.

69.     Upon information and belief, Defendants' violations were willful, knowing and committed in bad faith.

70.     For these reasons, Plaintiffs are entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorney's fees pursuant to §349, and declaratory judgment that Defendants' practices are deceptive as defined under §349.

## SIXTH CAUSE OF ACTION
(Common Law Fraud)

71.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

72.     Upon information and belief, Defendants intentionally and fraudulently concealed from Plaintiffs that the terms of the Original Lease would be changed, and that Ellis' signature would be forged.

73.     As part of this fraudulent scheme, upon information and belief, Defendants intentionally and fraudulently prepared the Forged Lease to divest Jones of the Trade-In and the $4,500.00 down payment.

74.     Plaintiffs justifiably relied upon each of Defendants' misrepresentations of material facts, as a result of which they sustained losses and damages.

75.     Had Plaintiffs not been misled by Defendants, they never would have agreed to lease the Vehicle and would not have incurred the expenses and the debts associated with the lease.

76.     The acts, conduct, and behavior of Defendants were performed knowingly, intentionally, and malicious.

77.     As a result of Plaintiffs' reasonable reliance upon Defendants' misrepresentations, Plaintiffs have been damaged in an amount to be determined at trial and are entitled to actual and punitive damages, attorneys fees, and costs and expenses.

## SEVENTH CAUSE OF ACTION
(Common Law Conversion)

78.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

79.     Plaintiffs are the rightful owner of the Trade-In and $4,500.00 upon front payment (the "Converted Property").

80.     Accordingly, Plaintiffs have the immediate right of possession of the Converted Property.

81.     Upon information and belief, Defendants asserted and continue to assert an ownership or other interest in the Converted Property without Plaintiffs' consent or legal justification.

82.     Plaintiffs have notified Defendants that they wrongfully converted the Converted Property and demanded the immediate return of same.

83.     Despite such demand, Defendants failed to return the Converted Property.

84.     Defendants acted with deceit, malice, fraud and with reckless disregard for the rights of Plaintiffs.

85.     The taking and retention of the Converted Property properly belonging to the Plaintiffs constitutes an unlawful acquisition of the Plaintiffs' property by Defendants.

86.     Defendant's unlawful acquisition was made in conscious disregard of Plaintiffs' rights and constitutes willful and/or wanton negligence.

87.     By reason of the foregoing, Plaintiffs are entitled to a money judgment in an amount to be proven at trial, but in no event in an amount less than the reasonable value of the Converted Property plus punitive damages.

## EIGHTH CAUSE OF ACTION
(Violations of the FCRA)

88.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

89.     Jones is a "consumer" as defined by the FCRA.

90.     Defendants are "persons" as defined by the FCRA.

91.     Defendants' failure to extend credit to Jones was an "adverse action" within the meaning of the FCRA.

92.     Defendants' failure to extend Jones credit was based, at least in part, on information it obtained from Jones' consumer report.

93.     Defendants knew or had reason to know that they were required to provide Jones with an adverse action notice pursuant to the FCRA.

94.     Upon information and belief, Defendants received from one or more consumer reporting agencies a written notice of obligation to provide said adverse action notice to Jones.

95.     Defendants failed to provide the notice of adverse action required by the FCRA.

96.     Defendants' actions were intentional and willful or, in the alternative, negligent.

## NINTH CAUSE OF ACTION
(Violations of the ECOA)

97.     Plaintiffs reallege and incorporate each of the above allegations as if fully set forth herein.

98.     Plaintiffs are applicants, as defined by the ECOA and Regulation B.

99.     Defendants are creditors, as defined by ECOA and Regulation B.

13

100.    On information and belief, Jones submitted to Defendants, for credit, a completed application, within the meaning of the ECOA. and as defined by REG B § 202.2(t).

101.    Defendants intentionally, or in the alternative negligently, failed to provide Jones a statement of reasons for such adverse action, as required by ECOA.

102.    Upon information and belief, Defendants acted on more than 150 credit applications during calendar year 2017.

103.    Upon information and belief, Defendants acted on more than 150 retail installment contracts during calendar year 2017.

104.    Defendants' failure to extend credit was an "adverse action" within the meaning of ECOA.

105.    Defendants failed to provide the notice of adverse action required by the ECOA.

106.    For its violations of their violations of the ECOA, Defendants are liable to Jones for actual damages, punitive damages of up to $10,000, and reasonable attorney fees, litigation expenses and costs.

**WHEREFORE**, Plaintiffs respectfully requests this Court to enter judgment in their favor and grant the following relief:

1.    **On the First Cause of Action:**
Judgment in favor of Plaintiffs and against Defendants for violating the CLA and Regulation M, awarding (a) statutory damages, (b) costs; (c) reasonable attorneys' fees, (d) punitive damages, and (e) declaratory judgment that Defendants' practices complained of herein violate CLA and Regulation Z;

2.    **On the Second Cause of Action:**

Judgment in favor of Plaintiffs and against Defendants for actual and statutory damages, exemplary and punitive damages, attorney's fees and costs and declaratory judgment that Defendants' practices violate §349;

3. **On the Third Cause of Action:**
Judgment in favor of Plaintiffs and against Defendants for actual and statutory damages, exemplary and punitive damages, attorney's fees and costs and declaratory judgment that Defendants' practices violate NY Pers Prop L § 334(2);

4. **On the Fourth Cause of Action:**
Declaratory Judgment in favor of Plaintiffs and against Defendants declaring that the Forged Lease Agreement is void and unenforceable;

5. **On the Fifth Cause of Action:**

Judgment in favor of Plaintiffs and against Defendants for actual and statutory damages, exemplary and punitive damages, attorney's fees and costs and declaratory judgment that Defendants' practices violate §349;

6. **On the Sixth Cause of Action:**
Judgment in favor of Plaintiffs and against Defendants awarding all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs are entitled;

7. **On the Seventh Cause of Action:**
Judgment in favor of Plaintiffs and against Defendants awarding all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiffs are entitled;

8. **On the Eighth Cause of Action:**
Judgment in favor of Plaintiffs and against Defendants for violating the FCRA, awarding (a) statutory damages, (b) costs; (c) reasonable attorneys' fees, (d) punitive damages, and (e) declaratory judgment that Defendants' practices complained of herein violate the FCRA;

8. **On the Ninth Cause of Action**:
Judgment in favor of Plaintiffs and against Defendants for violating the ECOA, awarding (a) statutory damages, (b) costs; (c) reasonable attorneys' fees, (d) punitive damages, and (e) declaratory judgment that Defendants' practices complained of herein violate the ECOA;

9. Any additional and further relief as may be deemed just and appropriate.

Dated: Nyack, New York
       June 9, 2018

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiffs*
*Sharon Ellis and Nickell Jones*

By:_____

**ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
Telephone No.: (845) 450-2906
Facsimile No.: (888) 450-8640
Email: RJN@NahoumLaw.com

## VERIFICATION

STATE OF NEW YORK     )

COUNTY OF KINGS      )

Nickell Jones, being duly sworn deposes and says:

I am the plaintiff herein. I affirm under penalty of perjury that I have read the foregoing Verified Complaint and know the contents thereof; that the same are true to my own knowledge except as to those matters stated to be upon information and belief; and as to those matters I believe them to be true. The grounds of my information and belief as to matters not stated upon my knowledge are statements and/or personal records.

 

NICKELL JONES

Sworn to Before Me This
27 day of June 2018

PHILIP T. LIEBERMAN
Notary Public - State of New York
No. 4509856
Qualified in Nassau County
Certified in Kings County
My Commission Expires 6/30/2019

18

## VERIFICATION

STATE OF NEW YORK )

COUNTY OF KINGS )

Sharon Ellis, being duly sworn deposes and says:

I am the plaintiff herein. I affirm under penalty of perjury that I have read the foregoing Verified Complaint and know the contents thereof, that the same are true to my own knowledge except as to those matters stated to be upon information and belief; and as to those matters I believe them to be true. The grounds of my information and belief as to matters not stated upon my knowledge are statements and/or personal records.

_____
SHARON ELLIS

Sworn to Before Me This
2⁶day of June 2018

PHILIP T. LIEBERMAN
Notary Public - State of New York
No. 4509856
Qualified in Nassau County
Certified in Kings County
My Commission Expires 6/30/2019

17